WOLF, SAYER & HELLER, Inc., v. U. S. SLICING MACH. CO.

U. S. SLICING MACH. CO. v. WOLF, SAYER & HELLER, Inc.

(District Court, N. D. Illinois, E. D. June 12, 1917.)

Nos. 430, 478.

1. PATENTS ⬤⟳328—VALIDITY AND INFRINGEMENT—RIND-REMOVING KNIFE.
    The Nayer & Perkins patent, No. 968,590, for a rind-removing knife for meat-slicing machines, *held* valid, but not infringed, by the device of the Stiles patent, No. 1,028,796.

2. PATENTS ⬤⟳328—VALIDITY AND INFRINGEMENT—RIND-REMOVING KNIFE.
    The Stiles patent, No. 1,028,796, for a rind-removing knife for meat-slicing machines, *held* valid and infringed.

In Equity. Suits by Wolf, Sayer & Heller, Incorporated, against the U. S. Slicing Machine Company and by the U. S. Slicing Machine Company against Wolf, Sayer & Heller, Incorporated. Decree for defendant in first suit, and for complainant in second suit.

Max W. Zabel, of Chicago, Ill. (Sydney Stein, of Chicago, Ill., of counsel), for Wolf, Sayer & Heller.

Brown, Nissen & Sprinkle, of Chicago, Ill. (Frank T. Brown and A. J. Crane, both of Chicago, Ill., of counsel), for U. S. Slicing Machine Co.

SANBORN, District Judge. The patents in question in these two suits relate to rind-removing devices in meat-slicing machines. Each party has a patent. Plaintiff's patent was issued to Nayer & Perkins August 30, 1910, applied for December, 1909, No. 968,590. Defendant's patent is No. 1,028,796, applied for January 10, 1910, and issued June 4, 1912. While the two applications were copending in the Patent Office for seven months, they were not put into an interference. The machines of the two patents are similar to those often seen in meat markets, in which a revolving wheel knife or meat table is made to pass back and forth along the edge of a piece of bacon or dried beef and shave off thin slices. In the Nayer & Perkins machine the edge of the circular blade is so located that it does not go through the rind, while in the Stiles the blade cuts below the bed of the machine and through the rind. In the first, the rind is left intact, and the body of the meat is cut away from the rind by a second or rind-removing knife, placed near the front edge of the revolving blade and a little behind the advancing edge; while in the other the knife travels ahead of the revolving blade, and cuts off the rind before the latter cuts through the bottom part of the piece. In Nayer & Perkins the meat itself is cut, but not the rind, while in Stiles both are cut.

It is insisted by the U. S. Company that it does not infringe, because the claim in suit calls for a revolving circular blade reciprocating on the meat table of the machine, and not extending below the upper surface of such table, and that the words of the claim, "a rotary slicing blade mounted to reciprocate on said table," refer to a definite function of the machine, in connection with the rind-removing knife, so that

they cannot be construed to cover a rotary blade like that of the U. S. Company, which operates below the table. And to sustain this proposition the specification is quoted thus:

"By extending the cutting edge of the blade *12* slightly below that of knife *15*, the effect of blade *12* upon the bacon will be to hold the rind flat against the top of the table *1* without severing it, and thus facilitate the action of knife *15* in severing the slices from the bacon rind."

So the U. S. Company argues that plaintiff's circular knife is required to operate *on* the table, in order to hold down the rind, while the removing knife cuts away the flesh from it, and that this was the proper function and law of the machine. Further, the U. S. Company calls attention to the fact that its revolving blade is not mounted on the table, nor does it reciprocate. The place of mounting is immaterial, but the reciprocation of the table, instead of the knife, is important, because in Nayer & Perkins the revolving blade stops at each movement of the table, thus losing momentum and cutting less effectively. In the Stiles machine the revolving blade keeps up a steady movement so long as the crank is turned, and thus cuts better.

Both parties claim priority of invention, but I find this question immaterial. The inventions are distinct. One is a stationary table, with a reciprocating, revolving, circular blade, followed by a rind-removing knife, which cuts the flesh away from the rind, but leaves the latter uncut; the circular blade being located wholly above the surface of the meat table and not having any part below it. The other comprises a reciprocating table with a circular knife, located partly below the bed of the table, and with the rind-removing knife in front of the cutting edge, so that the flesh is first severed from the rind and then the slice is cut clear through. The two inventions were treated as distinct in the Patent Office by the failure to put them into interference, and a patent regularly granted on each application. If these inventions are valid, and they are presumed in law to be, neither party has the right to use that of the other.

As to infringement, the U. S. Company uses its own invention, and has never used that of Nayer & Perkins. It is entirely immaterial which of these was first conceived and reduced to practice, because they are entirely separate and distinct. There is no claim that either is invalid, and no testimony to support any such claim. The only questions, therefore, are those of infringement. The U. S. Company does not use the Nayer & Perkins invention, therefore does not infringe. Therefore it is only necessary to consider whether Wolf, Sayer & Heller are infringing the Stiles patent.

The first claim of the Stiles patent contains three elements: The relatively movable meat support, a slicing knife extended below the upper surface of said support, and means for removing the outer layer from each slice of the meat separately. All of these elements are found in the machine used by Wolf, Sayer & Heller, whose machine precisely corresponds to the Stiles conception. There is the moving table, the stationary revolving knife, the rinding knife, for separating the rind of only one slice at a time, the revolving blade below the table, and the rinding knife ahead of the blade, all as described and claimed in the Stiles patent.

The two cases seem to me to be entirely clear: First, that the U. S. Company, in using its own machine, covered by the Stiles patent, cannot possibly be held to infringe; and, second, that the adoption of the Stiles conception by Wolf, Sayer & Heller is a clear infringement.

There should be a decree sustaining both patents, holding the Nayer & Perkins patent not infringed, with costs against them, and also deciding that the following numbered claims of the Stiles patent are infringed: 3, 5, 9, 11, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 32, 33, 34, 35, and 41—with costs.